UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLONY PLACE SOUTH, INC. d/b/a VOLVO CARS PLYMOUTH and 25 FALMOUTH ROAD, INC. d/b/a VOLVO CARS CAPE COD<br><br>Plaintiff,<br><br>vs.<br><br>VOLVO CAR USA LLC, FIDELITY WARRANTY SERVICES, INC., VOLVO CAR FINANCIAL SERVICES U.S., LLC<br><br>Defendants. | CASE NO. 1:21-CV-11226-GAO |

**VOLVO CAR FINANCIAL SERVICES U.S., LLC'S
ANSWER AND DEFENSES TO THE AMENDED COMPLAINT**

Defendant Volvo Car Financial Services U.S., LLC ("VCFS"), by its undersigned counsel, answers the First Amended Complaint and Demand for Jury Trial (the "Amended Complaint") filed by Plaintiffs Colony Place South, Inc. d/b/a Volvo Cars Plymouth and 25 Falmouth Road, Inc. d/b/a Volvo Cars Cape Code (collectively, "Plaintiffs") as follows:

**Introduction**

VCFS admits that Plaintiffs are authorized Volvo new motor vehicle dealerships. VCFS denies that it is Volvo Car USA LLC's agent and/or franchisor or that it is subject to the Dealer Act (as that term is defined in the Amended Complaint). VCFS asserts that the allegations related to the Dealer Act constitute legal conclusions to which no response is required. Except as expressly admitted, VCFS denies the allegations of the introductory paragraphs of the Amended Complaint.

**Parties**

1. VCFS admits the allegations of paragraph 1 of the Amended Complaint.

2. VCFS admits the allegations of paragraph 2 of the Amended Complaint.

3. VCFS admits the allegations of paragraph 3 of the Amended Complaint.

4. VCFS admits the allegations of paragraph 4 of the Amended Complaint.

5. VCFS admits the allegations of paragraph 5 of the Amended Complaint.

6. VCFS denies that Volvo Car USA LLC is a "manufacturer" as that term is defined by M.G.L.A. 93B § 1 or that it manufactures new motor vehicles. VCFS otherwise admits the allegations of paragraph 6 of the Complaint.

7. VCFS lacks information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Amended Complaint.

8. VCFS admits that Fidelity Warranty Services, Inc. ("FWS") is engaged in the business of offering, among other things, prepaid maintenance plans. Except as expressly admitted, VCFS denies the allegations of paragraph 8 of the Amended Complaint.

9. VCFS admits the allegations of paragraph 9 of the Amended Complaint.

10. VCFS admits that it is engaged in the business of extending credit to purchasers of Volvo-brand vehicles and selling motor vehicle related financial products. Except as expressly admitted, VCFS denies the allegations of paragraph 10 of the Amended Complaint.

**Jurisdiction**

11. The allegations in paragraph 11 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 11 of the Amended Complaint.

12. The allegations in paragraph 12 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 12 of the Amended Complaint.

13. The allegations in paragraph 13 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 13 of the Amended Complaint.

## Facts Applicable to All Claims

14. The allegations in paragraph 14 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 14 of the Amended Complaint.

15. The allegations in paragraph 15 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 15 of the Amended Complaint.

16. The allegations in paragraph 16 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 16 of the Amended Complaint.

17. The allegations in paragraph 17 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 17 of the Amended Complaint.

18. The allegations in paragraph 18 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 18 of the Amended Complaint.

### **Background on Volvo's Prepaid Maintenance Program**

19. VCFS denies the allegations of paragraph 19 of the Amended Complaint.

20. VCFS lacks information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 20 of the Complaint. VCFS admits that the Volvo PPM (as that term is defined in the Amended Complaint) is distinct from the manufacturer's warranty offered on Volvo vehicles. Except as expressly admitted, VCFS denies the allegations of the paragraph 20 of the Complaint.

21. VCFS denies that the Volvo PPM gives customers the unrestricted right to have services performed under the program at all Volvo retailers in the United States. VCFS admits the remaining allegations of paragraph 21 of the Amended Complaint.

22. VCFS admits that PPMs (as that term is defined in the Amended Complaint) have been offered by independent third-parties or individual automotive dealerships. VCFS avers that the Volvo PPM program is offered by FWS. Except as expressly admitted, VCFS denies the allegations of paragraph 22 of the Amended Complaint.

23. VCFS admits that certain Volvo authorized retailers advertise the Volvo PPM program and that services offered under the program are completed by Volvo trained technicians using genuine Volvo parts. Except as expressly admitted, VCFS denies the allegations of paragraph 23 of the Amended Complaint.

24. VCFS admits that it communicates with certain authorized Volvo dealers concerning Volvo financial products, including the Volvo PPM. VCFS admits that Volvo PPM materials advertise service by Volvo trained technicians using genuine Volvo parts. Except as expressly admitted, VCFS denies the allegations of paragraph 24 of the Amended Complaint.

25. VCFS denies the allegations of paragraph 25 of the Amended Complaint.

26. VCFS denies the allegations of paragraph 26 of the Amended Complaint.

27. VCFS denies the allegations of paragraph 27 of the Amended Complaint.

28. VCFS denies the allegations of paragraph 28 of the Amended Complaint.

**Background on Manufacturer Warranty and PPM Obligations Generally**

29. VCFS denies the allegations of paragraph 29 of the Amended Complaint.

30. The allegations in paragraph 30 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 30 of the Amended Complaint.

31. VCFS denies the allegations of paragraph 31 of the Amended Complaint.

32. The allegations in paragraph 32 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 32 of the Amended Complaint.

33. The allegations in paragraph 33 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 33 of the Amended Complaint.

34. The allegations in paragraph 34 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 34 of the Amended Complaint.

**Manufacturer Retail Rate Reimbursement Obligations under Massachusetts Law**

35. The allegations in paragraph 35 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 35 of the Amended Complaint.

36. The allegations in paragraph 36 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 36 of the Amended Complaint.

37. The allegations in paragraph 37 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 37 of the Amended Complaint.

38. The allegations in paragraph 38 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 38 of the Amended Complaint.

39. The allegations in paragraph 39 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 39 of the Amended Complaint.

40. The allegations in paragraph 40 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 40 of the Amended Complaint.

41. The allegations in paragraph 41 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 41 of the Amended Complaint.

**Premier Volvo Dealerships' Damages**

42. VCFS lacks information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Amended Complaint.

43. VCFS lacks information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 43 of the Amended Complaint.

44. VCFS lacks information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 44 of the Amended Complaint.

45. VCFS lacks information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 45 of the Amended Complaint.

46. VCFS denies the allegations of paragraph 46 of the Amended Complaint.

47. The allegations in paragraph 47 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 47 of the Amended Complaint.

48. VCFS denies the allegations of paragraph 48 of the Amended Complaint.

## Count I

## (Violation of M.G.L.A. 93B § 9(b)(1) by Volvo USA – Damages for Failure to Pay Retail Rate Reimbursement)

49. VCFS reasserts and incorporates its responses to the preceding paragraphs as if fully set forth here.

50. VCFS denies the allegations of paragraph 50 of the Amended Complaint.

51. VCFS denies the allegations of paragraph 51 of the Amended Complaint.

52. VCFS denies the allegations of paragraph 52 of the Amended Complaint.

53. VCFS denies the allegations of paragraph 53 of the Amended Complaint.

54. VCFS denies the allegations of paragraph 54 of the Amended Complaint.

55. VCFS denies the allegations of paragraph 55 of the Amended Complaint.

56. VCFS denies the allegations of paragraph 56 of the Amended Complaint.

57. The allegations in paragraph 57 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 57 of the Amended Complaint.

58. Amended denies the allegations of paragraph 58 of the Amended Complaint.

59. The allegations in paragraph 59 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 59 of the Amended Complaint.

## Count II

**(Violation of M.G.L.A. 93B § 9(b)(1) by Volvo USA – Declaratory and Injunctive Relief for Failure to Pay Retail Rate Reimbursement)**

60. VCFS reasserts and incorporates its responses to the preceding paragraphs as if fully set forth here.

61. VCFS denies the allegations of paragraph 61 of the Amended Complaint.

62. VCFS denies the allegations of paragraph 62 of the Amended Complaint.

63. VCFS denies the allegations of paragraph 63 of the Amended Complaint.

64. VCFS denies the allegations of paragraph 64 of the Amended Complaint.

65. VCFS denies the allegations of paragraph 65 of the Amended Complaint.

66. VCFS denies the allegations of paragraph 66 of the Amended Complaint.

67. VCFS denies the allegations of paragraph 67 of the Amended Complaint.

68. The allegations in paragraph 68 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 68 of the Amended Complaint.

69. VCFS denies the allegations of paragraph 69 of the Amended Complaint.

70. The allegations in paragraph 70 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 70 of the Amended Complaint.

71. The allegations in paragraph 71 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 71 of the Amended Complaint.

## Count III

### (Violation of M.G.L.A. 93B § 9(b)(2)(vii) by Volvo USA – Volvo USA Uses JM&A to Avoid its Statutory Obligations for Retail Rate Reimbursement under the Volvo PPM)

72. VCFS reasserts and incorporates its responses to the preceding paragraphs as if fully set forth here.

73. VCFS denies the allegations of paragraph 73 of the Amended Complaint.

74. VCFS denies the allegations of paragraph 74 of the Amended Complaint.

75. VCFS denies the allegations of paragraph 75 of the Amended Complaint.

76. VCFS denies the allegations of paragraph 76 of the Amended Complaint.

77. VCFS denies the allegations of paragraph 77 of the Amended Complaint.

78. VCFS denies the allegations of paragraph 78 of the Amended Complaint.

79. VCFS denies the allegations of paragraph 79 of the Amended Complaint.

80. VCFS denies the allegations of paragraph 80 of the Amended Complaint.

81. VCFS denies the allegations of paragraph 81 of the Amended Complaint.

82. VCFS denies the allegations of paragraph 82 of the Amended Complaint.

83. The allegations in paragraph 83 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 83 of the Amended Complaint.

## Count IV

**(Violation of M.G.L.A. 93B § 4(c)(9) by Volvo USA – Volvo USA Receives Benefit from JM&A from Plaintiffs Selling Volvo PPMs But Does Not Transmit That Benefit to Plaintiffs)**

84. VCFS reasserts and incorporates its responses to the preceding paragraphs as if fully set forth here.

85. VCFS denies the allegations of paragraph 85 of the Amended Complaint.

86. VCFS denies the allegations of paragraph 86 of the Amended Complaint.

87. VCFS denies the allegations of paragraph 87 of the Amended Complaint.

88. VCFS denies the allegations of paragraph 88 of the Amended Complaint.

89. VCFS denies the allegations of paragraph 89 of the Amended Complaint.

90. VCFS denies the allegations of paragraph 90 of the Amended Complaint.

91. VCFS denies the allegations of paragraph 91 of the Amended Complaint.

92. VCFS denies the allegations of paragraph 92 of the Amended Complaint.

93. VCFS denies the allegations of paragraph 93 of the Amended Complaint.

94. The allegations in paragraph 94 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 94 of the Amended Complaint.

95. The allegations in paragraph 95 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 95 of the Amended Complaint.

## Count V

### (Violation of M.G.L.A. 93B § 4(c)(12) by Volvo USA and JM&A – Volvo USA Acts Through JM&A to Avoid Its Statutory Obligations to Pay Retail Rate Reimbursement Under the Volvo PPM)

96. VCFS reasserts and incorporates its responses to the preceding paragraphs as if fully set forth here.

97. VCFS denies the allegations of paragraph 97 of the Amended Complaint.

98. VCFS denies the allegations of paragraph 98 of the Amended Complaint.

99. VCFS denies the allegations of paragraph 99 of the Amended Complaint.

100. VCFS denies the allegations of paragraph 100 of the Amended Complaint.

101. VCFS denies the allegations of paragraph 101 of the Amended Complaint.

102. VCFS denies the allegations of paragraph 102 of the Amended Complaint.

103. VCFS denies the allegations of paragraph 103 of the Amended Complaint.

104. VCFS denies the allegations of paragraph 104 of the Amended Complaint.

105. VCFS denies the allegations of paragraph 105 of the Amended Complaint.

106. VCFS denies the allegations of paragraph 106 of the Amended Complaint.

107. The allegations in paragraph 107 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 107 of the Amended Complaint.

108. The allegations in paragraph 108 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 108 of the Amended Complaint.

109. The allegations in paragraph 109 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 109 of the Amended Complaint.

## COUNT VI

### (Violation of M.G.L.A. 93B § 9(b)(2)(vii) by Volvo USA – Volvo USA Uses VCFS to Avoid its Statutory Obligations for Retail Rate Reimbursement under the Volvo PPM)

110. VCFS reasserts and incorporates its responses to the preceding paragraphs as if fully set forth here.

111. VCFS denies the allegations of paragraph 111 of the Amended Complaint.

112. VCFS denies the allegations of paragraph 112 of the Amended Complaint.

113. VCFS denies the allegations of paragraph 113 of the Amended Complaint.

114. VCFS denies the allegations of paragraph 114 of the Amended Complaint.

115. VCFS denies the allegations of paragraph 115 of the Amended Complaint.

116. VCFS denies the allegations of paragraph 116 of the Amended Complaint.

117. VCFS denies the allegations of paragraph 117 of the Amended Complaint.

118. VCFS denies the allegations of paragraph 118 of the Amended Complaint.

119. VCFS denies the allegations of paragraph 119 of the Amended Complaint.

120. The allegations in paragraph 120 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 120 of the Amended Complaint.

121. The allegations in paragraph 121 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, VCFS denies the allegations of paragraph 121 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

In addition to the defenses and denials set forth above, VCFS asserts the following affirmative and other defenses. In pleading these defenses, VCFS does not admit that it bears the burden of proof, production, or persuasion on such defenses. Further, VCFS specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, which may become apparent at any time in the course of this litigation.

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiffs are estopped from obtaining the relief sought in the Amended Complaint.

### FOURTH DEFENSE

Plaintiffs have waived the right to the relief sought in the Amended Complaint.

### FIFTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### SIXTH DEFENSE

Plaintiffs' claims are barred by doctrine of laches.

### SEVENTH DEFENSE

Plaintiffs' claims are subject to a binding arbitration agreement.

WHEREFORE, for the reasons stated herein, VCFS prays that:

1. Plaintiffs' Amended Complaint be dismissed in its entirety, with prejudice, and that judgment be entered in favor of VCFS;

2. VCFS be awarded attorneys' fees, expenses, and costs of suit; and

3. For such other and further relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Defendant, Volvo Car Financial Services U.S., LLC demands trial by jury on all issues so triable.

Dated: February 7, 2022

        Respectfully submitted,

        SHOOK, HARDY & BACON L.L.P.

        By: /s/ Stephen I. Hansen
           Stephen I. Hansen, BBO #679134
           Alan Wong, BBO # 687618
           One Federal Street, Suite 2540
           Boston, MA 02110
           Phone: (617) 531-1674
           sihansen@shb.com
           awong@shb.com

        ATTORNEYS FOR DEFENDANT VOLVO CAR
        FINANCIAL SERVICES U.S., LLC

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 7th day of February 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                By: /s/ Stephen I. Hansen